IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Luther Garner, ) | |
| ) | C/A No. 4:07-1278-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Phillip E. Thompson; Tom Fox; Garry ) | |
| B. Alderman, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

At the time of the underlying complaint, Plaintiff Luther Garner was a pretrial detainee at the J. Reuben Long Detention Center in Horry County, South Carolina. On May 2, 2007, Plaintiff, appearing pro se, brought this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights had been violated with respect to "Health, and Safety, Medical Attention, Overcrowding." Complaint (Entry 1), 2. As to relief, Plaintiff stated:

> To be made aware of the unlawfulness of public officials. Were they clearly shows default, aberation and turned away from an accepted coures of action.
> That the people involved shall be held liable to the actions at law. To also show that constitutional rights of which any normal person would have known to be wrong. Therefore should be held liable for civil damages that are recognized.

Id. at 5.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers III for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A and the Prison Litigation Reform Act. On May 23, 2007, the Magistrate Judge filed a Report and Recommendation in which he determined that Plaintiff's conclusory statements are not sufficient factual allegations to state a claim in the complaint. Accordingly, the Magistrate Judge

recommended that the complaint be dismissed without prejudice and without issuance and service of process.

On June 15, 2007, no objections having been filed, the court issued an order adopting the Report and Recommendation and dismissing the within action without prejudice (Entry 15). However, it appears that during this time Plaintiff was transferred to the custody of the South Carolina Department of Corrections. Plaintiff filed a notice of change of address on June 14, 2007. The Report and Recommendation were redeposited in the mail on June 14, 2007. Plaintiff timely filed objections to the Report and Recommendation on June 22, 2007, subsequent to the entry of judgment in this matter. Accordingly, the court vacates its June 15, 2007 order and addresses Plaintiff's objections hereinbelow.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff's objections read in full as follows:

> In the pursuant to the 42 USC. 1983 defendents state that more information needed to be given.
> Mr. Phillip E. Thompson over looks the action of Mr. Tox Fox, the director of the Dentention Center. There obligation is to house, protect and detain inmates.
> The Center conduct falls below standards, rules which they knowingly disregaurd. The overcrowding in which puts inmates sleeping with a mat on the floor. Rights "constitutional Rights to be free from inhuman condition. Building

> maximum capicity that nearly double the capicity. Fail to be fine by the Horry County Fire and Health inspectors. That Administration and all personal involved shall be liable to the action at law or proper proceeding for redress. Therefore shall be liable for civil damages. Rights which any normal person would have known to be wrong.

Objection to Report and Recommendation (Entry 13).

To the extent that Plaintiff seeks to amend his complaint to state claims with more specificity, the court concludes that Plaintiff's allegations fail to state a claim upon which relief can be granted. The amended claims make no factual allegations against the individual defendants, nor do they explain how Plaintiff has suffered a constitutional deprivation. See Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir. 1977) (providing that an inmate must allege that he, himself, sustained a deprivation of a right, privilege, or immunity secured to him by the Constitution and laws of the United States in order to state a civil rights claim upon which relief can be granted under section 1983).

To the extent that Plaintiff objects to the Report and Recommendation, Plaintiff fails to identify a specific error in the Report and Recommendation. The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

The court has carefully reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. The complaint is dismissed without

prejudice and without issuance and service as process.

    **IT IS SO ORDERED**.

                                /s/ Margaret B. Seymour
                                United States District Judge

Columbia, South Carolina

June 29, 2009

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**